IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

LAKESIDE OF COPPELL,                     §
                                         §
          Plaintiff,                     §
                                         §
V.                                       §          No. 3:23-cv-2418-L-BN
                                         §
JAYCEN HURST and JILLIAN HURST,          §
                                         §
          Defendants.                    §

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

Defendants Jaycen Hurst and Jillian Hurst, proceeding *pro se*, removed an eviction proceeding filed against them in a Dallas County, Texas justice of the peace court, asserting that federal law supports their removal. *See, e.g.*, Dkt. No. 3 ("The state court action is removable to this court … as plaintiffs' actions affects the rights of the Defendants secured by the U.S. Americans with Disabilities Act … and under the US Fair Housing Laws… The premature actions denied Defendants procedural and substantive due process under the 5th and 14th Amendments to the U.S. Constitution.").

United States District Judge Sam A. Lindsay referred the removed action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the Notice of Removal, the undersigned *sua sponte* questions whether there is federal jurisdiction. And, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should

remand this action to the Dallas County justice court from which it was removed.

These findings and conclusions provide the Hursts, as the parties invoking federal jurisdiction, notice as to the jurisdictional deficiencies (as set out below). And the ability to file objections to the undersigned's recommendation that this case be remanded (as further explained below) offers them an opportunity to establish (if possible) that the Court does have subject matter jurisdiction.

## Discussion

A defendant may remove an action filed in state court to federal court if the action is one that could have originally been filed in federal court. *See* 28 U.S.C. § 1441(a).

The federal courts' jurisdiction is limited, and they generally may only hear a case of this nature if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

Due to the limited nature of the federal courts' jurisdiction, "[t]he burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) (footnote omitted). And the Court has an independent duty to ensure that there is subject matter jurisdiction, *see, e.g.*, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999), since "[j]urisdiction is the power to say what the law is," *United States v. Willis*, 76 F.4th 467, 479 (5th Cir. 2023).

Since the Hursts allege that federal law supports their removal, and because diversity is not a basis for jurisdiction apparent from the Notice of Removal, the

undersigned turns to federal question jurisdiction.

Under Section 1331, such jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))).

To support removal under Section 1331, the party asserting federal jurisdiction "must locate [its] basis … in those allegations necessary to support the plaintiff's claim." *Carpenter*, 44 F.3d at 366. And those allegations must be present at the time of removal. *Cf. Turner v. GoAuto Ins. Co.*, 33 F.4th 214, 215 (5th Cir. 2022) (per curiam) ("When a case is removed from state court to federal court and the plaintiff seeks to have the case remanded, we evaluate the complaint at the time of removal." (citing *Bonin v. Sabine River Auth. of La.*, 961 F.3d 381, 385 (5th Cir. 2020))).

The Hursts have not shown that the claims asserted in the underlying state-law eviction suit provide a basis for federal question jurisdiction under the Constitution or the statutes that they cite or otherwise. Instead, their invocation of federal law is fairly read as asserting either defenses or counterclaims against the underlying eviction.

And a defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction for purposes of removal. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Nor can federal question jurisdiction rest upon an actual or anticipated counterclaim."); *see also id.* at 62 ("Under our precedent construing § 1331 ..., counterclaims, even if they rely exclusively on federal substantive law, do not qualify a case for federal-court cognizance."); *Jefferson Cnty., Ala. v. Acker*, 527 U.S. 423, 430-31 (1999) ("To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal."); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987) ("Thus, it is now settled law that a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue."); *MSOF Corp. v. Exxon Corp.*, 295 F.3d 485, 490 (5th Cir. 2002) ("A defense that raises a federal question is insufficient.").

Rather, "[w]hen an action is brought to federal court through the § 1441 mechanism, for both removal and original jurisdiction, the federal question must be presented by plaintiff's complaint as it stands at the time the petition for removal is filed and the case seeks entry into the federal system. It is insufficient that a federal question has been raised as a matter of defense or as a counterclaim." *Metro Ford Truck Sales, Inc. v. Ford Motor Co.*, 145 F.3d 320, 326-27 (5th Cir. 1998) (cleaned up).

There is therefore "generally no federal jurisdiction if the plaintiff properly pleads only a state law cause of action." *MSOF Corp.*, 295 F.3d at 490.

And, in sum, the Hursts have not shown that the allegations in a well-pleaded complaint established that federal jurisdiction existed at the time of removal, which requires that the Court *sua sponte* remand this case to state court.

## Recommendation

Because Defendants Jaycen Hurst and Jillian Hurst, the parties invoking the Court's jurisdiction through removal, have not shown that this action was removable based on the allegations in the well-pleaded complaint at the time of removal, the Court should *sua sponte* remand this action to the Dallas County justice court from which it was removed.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or

- 6 -

adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

    DATED: November 6, 2023

                                    _____

                                      DAVID L. HORAN
                                      UNITED STATES MAGISTRATE JUDGE