IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **LAKESIDE OF COPPELL,** § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. **3:23-CV-2418-L-BN** |
| § | |
| **JAYCEN HURST and JILLIAN** § | |
| **HURST,** § | |
| § | |
| Defendants. § | |

### ORDER

On November 7, 2023, The Findings, Conclusions and Recommendation of the United States Magistrate Judge ("Report") (Doc. 7) was entered, recommending that the court *sua sponte* remand this action to state court for lack of subject matter jurisdiction because Defendants rely on their assertion of a defense or counterclaim to Plaintiff's eviction action under Texas law to establish federal question jurisdiction.

Defendants filed objections to the Report, which were docketed on November 27, 2023. Instead of explaining how they would cure the jurisdiction deficiency identified by the magistrate judge if allowed to amend their Notice of Removal, Defendants continue to maintain that their assertion of defenses or counterclaims based on the Americans with Disabilities Act and Fair Housing Act is sufficient to establish federal question jurisdiction. They further assert that these are not defenses or counterclaims because they are prerequisites to eviction, and Defendants requested reasonable accommodations in response to Plaintiff's filing the state court action, which request was verbally denied. For support, Defendants rely on *Borden v. Allstate Insurance Company*, 589 F.3d 168 (5th Cir. 2009), for the conclusion that removal based on a federal question

**Order – Page 1**

is proper when the plaintiff's right to relief depends on the resolution of a substantial question of federal law.

As Defendants correctly note, the Fifth Circuit in *Borden* held that "[f]ederal question jurisdiction exists when a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Id.* at 172 (citation and internal quotations marks omitted). The facts of *Borden*, however, are distinguishable.

In *Borden*, the plaintiff asserted a cause of action for breach of a federal policy and programs that effectuated federal policies. *Id.* The court in *Borden*, therefore, concluded that the plaintiff's claim for breach of the policy raised a substantial question of federal law. *Id.* On the other hand, Plaintiff in this case is not seeking to evict Defendants pursuant to any federal policy or program; rather, it is Defendants who are attempting to avoid eviction pursuant to the two aforementioned federal statutes. Thus, Plaintiff's right to relief here does not turn on or depend on the resolution of what the magistrate judge appropriately characterized as Defendants' defenses or counterclaims even though such defenses or counterclaims are based on federal law. As the magistrate judge correctly noted, "[A] defense or counterclaim, even if it is based in federal law or raises a disputed question of federal law, will not support federal question jurisdiction." Report 4 (citing *Vaden v. Discover Bank*, 556 U.S. 49, 60 & 61 (2009)).

The court, therefore, **overrules** Defendants' objection to the Report. Additionally, as they have not offered any explanation as to how they would cure the deficiency identified by the Report if allowed to amend their Notice of Removal, and the court finds that any such attempt would be futile and unnecessarily delay this litigation even if Defendants were allowed to amend their Notice

of Removal. The court thus agrees with the magistrate judge's recommendation that this action must be remanded to state court for lack of subject matter jurisdiction.

Accordingly, having considered the pleadings, file, record in this case, and Report, and having conducted a de novo review of that portion of the Report to which objection was made, the court determines that the findings and conclusions of the magistrate judge are correct, **accepts** them as those of the court, and *sua sponte* **remands** this action to the Justice of the Peace Court, Precinct 4, Place 1, Dallas County, Texas, from which it was removed. The clerk of court **shall** effect the remand in accordance with the usual procedure.

It is so ordered this 22nd day of December, 2023.

Sam A. Lindsay
United States District Judge